**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT W. JOHNSON,**

    **Plaintiff,**

                                  Civil Action 2:19-cv-4952
    v.                              Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Chelsey M. Vascura

**VICTORIA FIRE AND
CASUALTY COMPANY**, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Robert Johnson, a New York resident proceeding without the assistance of counsel, previously filed the following four cases in this Court:

(1) *Johnson v. Nationwide Insurance*, Case No. 2:19-cv-1130, (S.D. Ohio filed Mar. 26, 2019) ("The 1130 Case");

(2) *Johnson v. Coe*, Case No. 2:19-cv-2428 (S.D. Ohio filed June 10, 2019) ("The 2428 Case);

(3) *Johnson v. Smith*, Case No. 2:19-cv-2490 (S.D. Ohio filed June 14, 2019) ("The 2490 Case"); and

(4) *Johnson v. Abel*, Case No. 2:19-cv-2865 (S.D. Ohio filed June 27, 2019) ("The 2865 Case").

Each of these cases was dismissed for failure to state a claim following an initial screen conducted pursuant to 28 U.S.C. § 1915(e). The undersigned incorporates by reference the July 23, 2019 Order and Report and Recommendation, which summarizes Plaintiff's history of filing substantially similar lawsuits against insurance companies arising out of the same 2017 car accident. (*See* The 2865 Case, ECF No. 5.) In the Court's Opinion and Order adopting the Report and Recommendation in The 2865 Case, the Court declared Plaintiff a vexatious litigator

and enjoined him from filing any new actions without first (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. (*Id*. at ECF No. 8.)

The instant action was transferred to this Court from the United States District Court for the Southern District of New York, and the Transfer Order observes that Plaintiff once again is seeking to litigate the same claims that have already been repeatedly dismissed by this Court and others. (ECF No. 5.) The undersigned's review of the Complaint in this action reveals that transferor court accurately characterizes Plaintiff's Complaint as yet again advancing substantially similar claims against insurance companies arising out of the same 2017 car accident. More specifically, Plaintiff once again names Victoria Fire and Casualty Company and Nationwide Insurance Company as Defendants.

The Court **GRANTS** Plaintiff's requests to proceed *in forma pauperis*. (ECF No. 3.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaints under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaints, or any portion of them, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons set forth in the undersigned's July 23, 2019 Order and Report and Recommendation (The 2865 Case, ECF No. 5), incorporated by reference, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                              /s/ *Chelsey M. Vascura*
                                              CHELSEY M. VASCURA
                                              UNITED STATES MAGISTRATE JUDGE