UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT W. JOHNSON,

       Plaintiff,

       v.

VICTORIA FIRE AND
CASUALTY COMPANY, *et al.*,

       Defendants.

Civil Action 2:19-cv-4952
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff Robert W. Johnson's ("Plaintiff") Objection (ECF No. 11) to the Magistrate Judge's Report and Recommendation (ECF No. 10). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation (ECF No. 10) and **DISMISSES** Plaintiff's Objection (ECF No. 11).

**I.**

Plaintiff, proceeding *pro se*, recently filed the following four cases in this Court:

1)    *Johnson v. Nationwide Insurance*, No. 2:19-cv-110 (S.D. Ohio Mar. 26, 2019);
2)    *Johnson v. Coe*, No. 2:19-cv-2428 (S.D. Ohio June 10, 2019);
3)    *Johnson v. Smith*, No. 2:19-cv-2490 (S.D. Ohio June 14, 2019); and
4)    *Johnson v. Abel*, No. 2:19-cv-2865 (S.D. Ohio June 27, 2019).

All of Plaintiff's claims in these four cases arose out of a January 2017 car accident, in which Plaintiff alleged he sustained injuries. The Court dismissed all four cases for failure to state a claim pursuant to 28 U.S.C. § 1915(e). In addition, the Court declared plaintiff a vexatious litigator and enjoined him from filing any new actions without first (a) submitting a certification from an attorney who is licensed to practice in this Court or the state of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review

by the Court prior to the actual filing of the Complaint in the Court's docketing system. (*See Johnson v. Abel*, No. 2:19-cv-2865 (S.D. Ohio June 27, 2009), ECF No. 8.)

In the instant case, Plaintiff asserts a claim against Victoria Fire & Casualty Company and Nationwide Insurance: Cambridge Insurance Group LLC ("Defendants"). (Compl. at 2, ECF No. 1.) The case arises out of a January 2017 car accident. (*See id.* at 7–8.) Plaintiff alleges he is permanently injured and disabled. (*Id.* at 8.) Plaintiff offers no specific allegations against Defendants. Plaintiff asks for lost wages in the amount of one million dollars and punitive damages in the amount of one hundred million dollars. (*Id.* at 9.)

This case was transferred to this Court from the United States District Court for the Southern District of New York. The transfer order observed that this case relates to the same January 2017 car accident as Plaintiff's previously filed cases in this Court. (ECF No. 5.)

Plaintiff, proceeding without counsel, filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 4.) The Court granted his request to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915(e)(2)(b). (Order & R. & R., ECF No. 10 [hereinafter R. & R.].) The Magistrate Judge concurrently issued a Report and Recommendation, which recommended dismissing the action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b). (*Id.*) Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff objected to the Report and Recommendation. (Pl.'s Objs. Magistrate's R. & R., ECF 11 [hereinafter Pl.'s Objs.].)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The

district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The federal *in forma pauperis* statute is "designed to ensure indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E. I. Dupont De Numours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress included subsection (e) authorizing federal courts to dismiss certain claims *sua sponte*. *Id.* Courts may, *sua sponte*, dismiss claims which they determine are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Neitzke*, 490 U.S. at 324.

Additionally, complaints must satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's standards articulated to govern dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply also to § 1915(e). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the author of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility of an

3

inference depends on many considerations, "including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garret v. Belmont Cty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this lenient treatment has limits, "a pro se pleading must provide the opposing party with notice of the relief sought . . . it is not within the purview of the district court to conjure up claims never presented." *Frengler v. GM*, 482 F. App'x 975, 977 (6th Cir. 2012).

### III.

According to the Report and Recommendation, Plaintiff fails to allege any plausible facts which amount to a viable claim under § 1915(e). (R. & R. at 2.) Plaintiff disagrees and "objects to the R&R in [its] entirety." (Pl.'s Objs. at 1.) Plaintiff objects broadly to the judges on this case and argues they have acted in bad faith and with a conflict of interest, they should recuse themselves, and they should be investigated. (*Id.*) Plaintiff also broadly claims "Defendants are a pro se corporation barred from insurance fraud defenses." (*Id.*) Other than asserting broad objections to the Report and Recommendation, Plaintiff offers no arguments in his objection.

After reviewing the Complaint, the Court agrees with the Magistrate Judge that the transfer order correctly characterizes Plaintiff's Complaint as advancing similar claims against insurance companies arising out of the same January 2017 car accident, as Plaintiff's previous four cases filed in this Court. The Court also agrees with the Magistrate Judge that the case should be

dismissed for failure to state a claim. Plaintiff alleges no facts or specific claims against Defendants. Plaintiff fails to state a claim against these Defendants under § 1915(e). Thus, the Court **OVERRULES** Plaintiff's objection regarding his failure to state a claim.

Further, the Court finds no merit in Plaintiff's argument that the presiding judges have acted in bad faith, with a conflict of interest, and that they should be investigated. Plaintiff has provided no facts to support these allegations. Thus, the Court **OVERRULES** Plaintiff's objection regarding bad faith, conflict of interests, and investigations.

Similarly, the Court finds no merit to Plaintiff's objection regarding recusal. "A federal judicial officer must recuse himself or herself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based on the subjective view of the party, no matter how strongly that subjective view is held." *In re Request for Recusal of District Judge*, No. MC-3-94-030, 1994 WL 161038, at *2 (S.D. Ohio Oct. 12, 1994) (citing *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert denied*, 111 S. Ct. 1635 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990), *cert denied*, 498 U.S. 980 (1990) (internal quotations omitted.)). Here, the impartiality of the presiding judges cannot be reasonably questioned. Neither judge has a personal interest in the case. Plaintiff does not present facts to suggest any form of bias or prejudice against them. Thus, the Court **OVERRULES** Plaintiff's objection regarding recusal.

Finally, the Court finds no merit in Plaintiff's objection that the Defendants cannot use insurance fraud defenses. In this case Defendants have not answered the Complaint. They have yet to assert any defenses. This dismissal is based on the face of the Plaintiff's Complaint and its failure to state a claim. Thus, the Court **OVERRULES** Plaintiff's objection based on insurance fraud defenses.

IV

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 11) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10). The case is **DISMISSED**. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

12-30-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**